{¶ 62} Appellant presents us with two essential issues. First, are there genuine issues of material fact regarding whether Mentor acted in good faith by settling with the developers? Second, are there genuine issues of material fact regarding whether the subject ordinance constituted valid emergency legislation? I would reverse based on the first issue and remand this matter for trial.
 {¶ 63} In concluding there are no genuine issues of fact regarding whether the settlement was made in good faith, the majority points to the affidavit and deposition testimony of the Mentor law director, Mr. Hennig, that he evaluated the action, and found it potentially meritorious; the deposition testimony of the city manager, Mr. Konrad, that Mr. Hennig told him the action might be successful; and the deposition *Page 20 
testimony of Mr. Ranallo, counsel for the developers, that he discussed the merits of the action with Mr. Hennig.
 {¶ 64} This evidence exists in the record. That record also includes Mr. Hennig's testimony that no discussions of the potential merits of the developers' action were had from the time the developers informed Mentor of their intention to file suit, until after that occurred. There is his testimony establishing that Mentor entered into settlement discussions with the developers almost immediately. There is his provision of the Newell Creek documents to the developers' counsel as a template for the settlement of this case.
 {¶ 65} Similarly, the majority relies on Mr. Traub's testimony that he was extensively involved in drafting the joint stipulation of facts, through the provision of materials to Mr. Ranallo, and the latter's testimony he worked with Mr. Hennig in composing the stipulations, in reaching the conclusion the settlement was made in good faith. The majority ignores Mr. Hennig's contrary testimony he had little to do with drafting the stipulations. The stipulations are significant, in that they depict an economic apocalypse descending on Mentor absent the settlement.
 {¶ 66} At each juncture, where the record presents conflicting evidence, the majority selects the evidence supporting Mentor's assertion it did act in good faith in settling, and ignores the evidence it did not. Persons less charitable than the majority might find the following scenario.
 {¶ 67} Developers purchase a parcel of realty, not zoned in accordance with their wishes. They attempt to alter the zoning in the appropriate fashion — by vote — and fail. Determined to reach their goal, they decide to turn to the courts, and inform Mentor's *Page 21 
officials of this fact, at a luncheon. No discussions between Mentor's responsible officials regarding the potential merits of the lawsuit occur — until after it is filed.
 {¶ 68} This is remarkable, especially when Mentor's reaction once the suit commenced is considered. A matter not meriting discussion by the city's responsible officials hitherto, becomes a crisis. No attempt is made to counter the developers' summary judgment motion. Rather, the need for settlement is so urgent, that Mentor provides the developers with the Newell Creek documents as a basis for drafting a settlement; Mr. Traub provides information to the developers' counsel to use in drafting the joint stipulation of facts — large portions of which consists not of facts, but speculation about the dire consequences ensuing for Mentor absent capitulation to the developers' demands.
 {¶ 69} One might also ask how facts may be stipulated to when discovery has not been had.
 {¶ 70} I further note the reversionary provision of the development agreement, giving Mentor the right to request vacation of the judgment entry against it, and the promise of the developers to use the property in conformity with its original zoning, if certain conditions were not met. As made explicit by the various letters between the parties, the essential pre-condition to the property's development under the new zoning is agreement by Wal-Mart to locate a store there; repeated extensions to the time period for obtaining Wal-Mart's agreement have been made.
 {¶ 71} Evidently, the prior zoning is unconstitutional only if it prevents Wal-Mart from locating at the site. *Page 22 
 {¶ 72} Indeed, the record in this case might conjure, in a cynic's mind, a vision of Mentor's city fathers rushing into the developers' arms, bursting with relief that the developers had found a way, in court, to circumvent the will of the voters, so clearly expressed through the ballot box, that the pertinent zoning remain unchanged.
 {¶ 73} Ultimately, the problem is that the record provides evidence supporting each side's position in this case. Weighing the evidence, it might be concluded that Mentor, faced with a difficult legal problem, made a good faith effort to resolve it through settlement.Weighing the evidence, it might be concluded that Mentor ran up the white flag, before the developers fired a shot. But these were summary judgment proceedings. Neither the trial court, nor this court, may weigh evidence. We are usurping the province of a jury.
 {¶ 74} I dissent. *Page 1